NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
ELISA FERNANDEZ (Cal. Bar No. 172004)
Assistant United States Attorney
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7383
     Facsimile: (213) 894-8601
     E-mail:    elisa.fernandez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-732 SJO |
|---|---|
| Plaintiff, | STIPULATION FOR ENTRY OF MONEY JUDGMENT OF FORFEITURE AGAINST DEFENDANT PROFESSIONAL COLLECTION CONSULTANTS |
| v. | |
| PROFESSIONAL COLLECTION CONSULTANTS, | |
| Defendant. | |

The United States of America ("the government") and defendant PROFESSIONAL COLLECTION CONSULTANTS ("Defendant"), by their respective undersigned counsel, respectfully submit this stipulation for entry of a Money Judgment of Forfeiture against Defendant in the sum of $946,770.00, pursuant to the plea agreement entered into between the government and Defendant. The proposed Money Judgment of Forfeiture is being lodged contemporaneously with this stipulation.

In the plea agreement, Defendant agreed to plead guilty to the single-count information. The information charges Defendant with conspiracy, in violation of 18 U.S.C. § 371. Defendant has agreed to

forfeit all right, title, and interest in and to the proceeds of that offense, totaling $946,770.00.  To facilitate that forfeiture, Defendant has agreed to the entry of a personal money judgment of forfeiture in the sum of $946,770.00 at or before sentencing.

Pursuant to the plea agreement, the parties hereby stipulate to the entry of a Money Judgment of Forfeiture against Defendant in the amount of $946,770.00.  The entry of the Order is authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  *See United States v. Lo,* 839 F.3d 777 (9th Cir. 2016); *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (a forfeiture order may include a money judgment for the amount of money involved in the underlying offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond); *United States v. Candelaria-Silva*, 166 F.3d 19 (1st Cir. 1999) (criminal forfeiture order may take several forms: money judgment, directly forfeitable property, and substitute assets); *United States v. Davis*, 177 F. Supp.2d 470 (E.D. Va. 2001) (same, following *Candelaria-Silva*); *United States v. Conner*, 752 F.2d 566, 576 (11th Cir. 1985) (because criminal forfeiture is in personam, it follows defendant; it is a money judgment against the defendant for the amount of money that came into his hands illegally; the Government is not required to trace the money to any specific asset); *United States v. Ginsburg*, 773 F.2d 798, 801-02 (7th Cir. 1985) (*en banc*) (criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, "regardless of whether the specific dollars received from that activity are still in his possession"); *United States v. Amend*, 791 F.2d 1120, 1127 (4th Cir.

1986) (same); *United States v. Robilotto*, 828 F.2d 940, 949 (2d Cir. 1987) (following *Conner* and *Ginsburg*; the court may enter a money judgment for the amount of the illegal proceeds regardless of whether defendant retained the proceeds); *United States v. Navarro-Ordas*, 770 F.2d 959, 969 (11th Cir. 1985) (court may enter "personal money judgment" against the defendant for the amount of the illegally obtained proceeds); *United States v. Voigt*, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (the Government is entitled to a personal money judgment equal to the amount of money involved in the money laundering offense); *United States v. Holland*, 160 F.3d 377, 380 (7th Cir. 1998) (defendant ordered to pay judgment equal to value of property concealed from bankruptcy court and subsequently laundered); *United States v. Corrado*, 227 F.3d 543 (6th Cir. 2000) (*Corrado I*) (remanding case to the district court to enter money judgment for the amount derived from a RICO offense); *United States v. Saccoccia*, 823 F. Supp. 994, 1006 (D.R.I. 1993) (money judgment for the amount laundered, $136 million, entered against each defendant), *aff'd*, 58 F.3d 754 (1st Cir. 1995); *United States v. Sokolow*, 1995 WL 113079 at *1 (E.D. Pa. 1995) (because money is fungible, the Government need not receive the identical money involved in the underlying offense so long as the amount involved is known), *aff'd*, 81 F.3d 397 (3d Cir. 1996); *United States v. Cleveland*, 1997 WL 537707 at *11 (E.D. La. 1997) (the Government is entitled to a money judgment equal to the amount of money that defendant laundered in money laundering case); *United States v. Stewart*, 1998 WL 720063 (E.D. Pa. 1998) (court enters money judgment for "aggregate sum of all money laundering counts for which defendant was convicted"), *aff'd* as modified, 185 F.3d 112 (3d Cir. 1999); *United States v. Henry*, 850 F. Supp. 681,

683 (M.D. Tenn. 1994) (court enters money judgment for $191,206, which was the amount of Medicare fraud proceeds defendant was convicted of laundering), *aff'd*, 64 F.3d 664, 1995 WL 478635 (6th Cir. 1995) (Table); *United States v. Delco Wire and Cable Co., Inc.*, 772 F. Supp. 1511 (E.D. Pa. 1991) (criminal forfeiture is "like a money judgment that runs against the defendant until satisfied in full"; judgment entered for $10 million, which was the amount of the racketeering proceeds).

    Defendant has agreed to pay the funds necessary to satisfy the requested Money Judgment at or before sentencing. Should defendant fail to make the payment as required in the plea agreement, the Government may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment, as substitute assets. *Candelaria-Silva*, 166 F.3d 19 (once the Government has obtained a money judgment, it may forfeit defendant's real property in partial satisfaction of that judgment); *Baker*, 227 F.3d 955; *United States v. Numisgroup Intl. Corp.*, 169 F. Supp. 2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property); *United States v. Harrison*, 2001 WL 803695 (N.D. Ill. 2001) (entry of money judgment as part of preliminary order of forfeiture gives Government opportunity later to satisfy the judgment by seeking forfeiture of substitute assets; Rule 32.2(e)); *Davis*, 177 F. Supp.2d 470 (if property cannot be forfeited as directly traceable to the offense, it can be forfeited as a substitute asset and used to satisfy the money judgment).

|   |   |
|---|---|
| 1 | By virtue of the plea agreement and Defendant's admission of the |
| 2 | amount of money derived from the offense to which Defendant has |
| 3 | agreed to plead guilty, the parties agree that a money judgment of |
| 4 | forfeiture is properly entered against Defendant.  The statutory |
| 5 | bases for the forfeiture order are 18 U.S.C. § 981(a)(1)(C), 28 |
| 6 | U.S.C. § 2461(c) (authorizing the entry of criminal forfeiture |
| 7 | orders, including money judgments, for violations of federal law for |
| 8 | which forfeiture authority of any type is provided), and 21 U.S.C. § |
| 9 | 853(e). |

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

SANDRA R. BROWN
Acting United States Attorney

_____          3/27/2018
ELISA FERNANDEZ                           Date
Assistant United States Attorney

_____          9/26/2017
DEFENDANT                                 Date

BY: CLARK GAREN

TITLE:  Vice President & General
Counsel of Professional Collection
Consultants
Authorized Representative of
Professional Collection Consultants

_____          9/28/2017
DAVID W. WIECHERT                         Date
Attorney for Defendant Professional
Collection Consultants