```
LAW OFFICE OF DAVID W. WIECHERT
DAVID W. WIECHERT (Cal. Bar No. 94607)
JAHNAVI GOLDSTEIN (Cal. Bar No. 245084
JESSICA C. MUNK (Cal. Bar No. 238832)
115 Avenida Miramar
San Clemente, California  92672
Telephone: (949) 361-2822
Facsimile:  (949) 496-6753

Attorneys for Defendant
Professional Collection Consultants
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PROFESSIONAL COLLECTION CONSULTANTS,<br><br>　　　　　Defendant. | Case No. CR 17-00732-SJO<br><br>DEFENDANT PROFESSIONAL COLLECTION CONSULTANTS' STATEMENT OF POSITION RE SENTENCING FACTORS AND SENTENCING MEMORANDUM<br><br>Hearing Date: April 16, 2018<br>Hearing Time: 9:00 a.m. |

TO PLAINTIFF UNITED STATES OF AMERICA AND ITS COUNSEL OF RECORD:

Defendant, PROFESSIONAL COLLECTION CONSULTANTS, hereby submits this Statement of Position re Sentencing Factors and Sentencing Memorandum for consideration by the Court at its sentencing.

　　　　　　　　　　　　　　　　　Respectfully Submitted:

Date: March 30, 2018　　　　By:　*s/ David. W. Wiechert*
　　　　　　　　　　　　　　　　　David W. Wiechert
　　　　　　　　　　　　　　　　　Jahnavi Goldstein
　　　　　　　　　　　　　　　　　Jessica C. Munk
　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　Professional Collection Consultants

# SENTENCING MEMORANDUM

## I. INTRODUCTION

Defendant Professional Collection Consultants ("PCC" or "Defendant") appears before this Court for sentencing on its plea of guilty to a one-count information charging it with a violation of 18 U.S.C. § 371: conspiracy to commit bribery concerning a program receiving federal funds. On January 9, 2018, PCC entered its guilty plea based upon an amended plea agreement, Docket No. 38, filed January 10, 2018 (the "Plea Agreement") stipulating to an offense level of 18[1], a fine of $350,000, forfeiture of $946,770, and dissolution of the company. These payments have been made and PCC has been dissolved as agreed to.

PCC has no objection to the Presentence Report ("PSR") prepared by the United States Probation Office ("Probation"), which concurs with the government and PCC, and recommends the sentence agreed to and set forth by the parties in the Plea Agreement. There are no disputed issues regarding any sentencing calculations under the advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"); the agreed upon (and already paid) fine of $350,000 is within the advisory Guidelines fine range; PCC has been compliant with all terms of the Plea Agreement, including all payments set forth therein and dissolution of the company; and PCC has no remaining assets. Accordingly, PCC contends that the sentence stipulated to in the Plea Agreement meets the 18 U.S.C. § 3553 sentencing standard and is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. Thus, PCC respectfully requests that this Court accept and apply the sentence recommended by the parties in the Plea Agreement and supported by the PSR.

---

[1] PCC Notes that the Plea Agreement contains a typographic error on page 12, line 8, wherein it mistakenly includes a +14 adjustment, rather than the +4 adjustment intended by the parties, and which is included in the properly calculated total offense level of 18, which is non-disputed by the parties. The PSR acknowledges this at page 4.

## II. BACKGROUND

### A. SUMMARY HISTORY OF PCC

PCC is a debt collection company previously headquartered in Culver City, California. PCC was established in 1972, and incorporated in California on June 22, 1983. As discussed herein, pursuant to the terms of the Plea Agreement, PCC has ceased all operations, and was dissolved on January 22, 2018 with no remaining assets. PCC has no prior criminal history.

PCC was a closely held company whose shareholders consisted of founder and chairman of the board, Donald Hopp (33%), his wife Carol Hopp (33%), and Mr. Hopp's stepson and president of PCC, Todd Shields (34%). Clark Garen, a non-shareholder, and PCC's corporate representative, most recently served as PCC's vice-president and general counsel, although he maintained his own law practice.

PCC's assets consisted of the judgments assigned to it from creditors. As a result of the federal investigation and subsequent prosecution of PCC, PCC's fortunes declined and creditors who had assigned debt to PCC for collection requested, as their right under the law, for all judgments to be re-assigned from PCC back to the creditors.

The California Secretary of State website reflects that PCC was formally dissolved on January 22, 2018, as verified in the PSR. PCC was typical of most collection agencies in that it had no hard assets other than the accounts assigned to it for collection. When the accounts were recalled, PCC was left with no business to conduct. Its leases for office space, personal property, and employees were on a month-to-month basis and were terminated when the company dissolved.

### B. SUMMARY OF THE OFFENSE CONDUCT

As set forth in the "Criminal Information," Docket No. 1, and the Plea Agreement, beginning on or before September 1, 2010, and continuing to at

2

least August 27, 2013 (the "Charging Period"), PCC, through co-defendant Michael Flowers ("Flowers") (a former debt collector employee of PCC), and others conspired to corruptly provide Coconspirator 1, an agent of a State agency – the Arizona Department of Economic Security ("DES"), cash in exchange for wage and earnings information per quarter and per employer for "Confidential Information" consisting of social security numbers. DES received in excess of $10,000 in federal funds annually during the Charging Period. During the Charging Period, Flowers received payment from PCC for the Confidential Information provided by Coconspirator 1, a portion of which he used to pay Coconspirator 1 for the Confidential Information. Flowers deposited a total of $26,000 in cash payments into an account controlled by Coconspirator 1.

Flowers and others utilized the Confidential Information to obtain non-public wage and earning information about debtors, and debtors' abilities to pay/PCC's abilities to collect on judgments. During the Charging Period the Confidential Information obtained by Flowers through Coconspirator 1 assisted PCC's efforts to collect $946,770 in debts owed. PCC paid Flowers a ten percent commission of $94,677. Flowers also pled guilty to a single count information for violation of 18 U.S.C. § 371: conspiracy to commit bribery concerning a program receiving federal funds, and it is expected he will be sentenced by this Court next month.

### C. SUMMARY OF THE PLEA AGREEMENT

PCC has accepted responsibility for its actions, and under the Plea Agreement, PCC has agreed to: (1) waive indictment; (2) plead guilty to a one-count information charging conspiracy to commit bribery concerning a program receiving federal funds; (3) pay a criminal fine of $350,000; (4) pay a forfeiture of $946,770; and (5) to cease operations and dissolve PCC. Further the parties stipulated to the Guidelines calculations discussed below.

### III. THE GUIDELINES CALCULATIONS

18 U.S.C. § 3553(a)(4) instructs that a Court must consider the kinds of sentence established by the advisory Guidelines. Organizations such as PCC are sentenced pursuant to Chapter 8 of the Guidelines. As set forth in the Plea Agreement at page 12, the parties agreed that the total offense level was 18. As PCC noted in FN 1 above, the Plea Agreement contains a typographic error on page 12, line 8, wherein it mistakenly includes a +14 adjustment, rather than the +4 adjustment intended by the parties, and which is included in the properly calculated total offense level of 18. The PSR acknowledges this at page 4. There is no dispute to this or the total offense level of 18; and the PSR confirmed that the $26,000 "value of the bribes received" figure is the most appropriate to use in the Guidelines calculations.

In the Plea Agreement, the parties have stipulated that the proper application of the Guidelines results in an advisory criminal fine range of $280,000 to $500,000[2] and have agreed that the base criminal fine of $350,000, which falls squarely within the advisory Guidelines range, is appropriate and sufficient for the purposes of sentencing – especially in conjunction with the large $946,770 forfeiture payment and mandatory dissolution of PCC. This $350,000 base fine is determined pursuant to the U.S.S.G. § 8C2.4(d) table, from which an offense level of 18 results in a fine of $350,000. As noted in the PSR, the 2012 Guidelines table – the table in effect during the Charged Period – is controlling and must be applied.

The next step is to determine the culpability score for a defendant. The base culpability score is 5. U.S.S.G. § 8C2.5(a). The parties have agreed to reduce this to 4 based on PCC's affirmative acceptance of responsibility.

---

[2] Applying the culpability multiplier the maximum fine is $560,000 as set forth in the Plea Agreement calculations – however, as noted in the PSR, and pursuant to 18 U.S.C. § 3571, the statutory maximum for the offense is capped at $500,000.

Pursuant to U.S.S.G §8C2.6, and using a culpability score of 4, the minimum multiplier is .80, and the maximum multiplier is 1.6, therefore, applied to the base fine of $350,000 the advisory Guidelines fine range is $280,000 to $500,000, which is the statutory maximum for the crime pled to.

### IV. UNDER 18 U.S.C. § 3553(a) SENTENCING FACTORS, INCLUDING THE GUIDELINES, THE COURT SHOULD ACCEPT THE SENTENCE RECCOMENDED BY THE PARTIES IN THE PLEA AGREEMENT

After a district court calculates the applicable Guidelines range, which post-*Booker* are only advisory, it must then consider the factors in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 38-39 (2007). The Guidelines range is only one factor among each of the other factors set forth in § 3553(a) that the district court must consider. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

While this Court does have the discretion to justify a variance from the Guidelines range, in the instant case neither party is asking the Court for such. Rather the government and PCC have stipulated to a fine of $350,000 – which is squarely within the Guidelines advisory fine range, is based on non-disputed Guidelines calculations, and has already been paid, along with a forfeiture amount of $946,770.

However, applying the other various 18 U.S.C. § 3553(a) sentencing factors further supports that this fine is appropriate to meet the purposes of sentencing. The sentencing factors in 18 U.S.C. § 3553(a), include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from future crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the guideline sentencing range;
(5) any pertinent policy statement;
(6) any need to avoid unwarranted sentence disparities among defendants with similar records; and
(7) the need to provide restitution to any victims of the offense.

  PCC's sentencing implicates subparagraphs (1) through (6) of 18 U.S.C. § 3553(a) as restitution is not applicable because all monies collected through the use of the illegally obtained information was actually due and owing. Applying these factors, the Court should accept and apply the sentencing agreed to in the Plea Agreement. PCC has no prior criminal history, has been wholly compliant with the terms of the Plea Agreement pre-sentencing, and has forfeited any unlawful proceeds of its actions. There is zero risk of PCC committing future crimes as PCC has already ceased operations and been formally dissolved. Furthermore, PCC possesses no additional assets. The fine and forfeiture amounts are more than substantial enough to create a warning and deterrent to others not to commit similar crimes. No other corporate defendants exist which could cause a sentencing disparity and individual co-defendant Flowers has also reached a Plea Agreement with the government and will be sentenced by this same Court likely in May. The Guidelines calculations are non-disputed, and approved of and recommended by Probation in its PSR.

  In sum, in applying the 18 U.S.C. § 3553(a) factors, inclusive of the Guidelines advisory fine range, this Court should accept and apply the sentencing agreed to by the parties in the Plea Agreement, which is appropriate to serve the purposes of sentencing.

## V.  CONCLUSION

For the foregoing reasons, PCC respectfully requests that the Court accept and apply the recommended sentence set forth in the Plea Agreement to PCC.

Dated: March 30, 2018  Law Office of David W. Wiechert

By: _s/ David W. Wiechert_
David W. Wiechert
Jahnavi Goldstein
Jessica C. Munk
Attorneys for Defendant
Professional Collection Consultants

# CERTIFICATE OF SERVICE

I, Danielle Dragotta, an employee of the Law Office of David W. Wiechert, located at 115 Avenida Miramar, San Clemente, California 92672, declare under penalty and perjury that I am over the age of eighteen (18) and not a party to the above-entitled proceeding.

On March 30, 2018, I served the forgoing documents, described as **DEFENDANT PROFESSIONAL COLLECTION CONSULTANTS' STATEMENT OF POSITION RE SENTENCING FACTORS AND SENTENCING MEMORANDUM** on all interested parties as follows:

[ ]   **BY MAIL:**  I caused such envelope(s) to be deposited in the mail at San Clemente, California with postage thereon fully prepaid to the office of the addressee(s) as indicated on the attached service list. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ X ]   **BY E-MAIL:**  I caused a copy to be transmitted electronically by filing the foregoing with the clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

[ ]   **BY PERSONAL SERVICE:**  I personally delivered the document listed above to the persons at the address set forth below.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 30, 2018 at San Clemente, California.

*s/Danielle Dragotta*
Danielle Dragotta

1